FILED
2019 Sep-23  PM 12:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

                               **CASE NO. 2:18-cr-00353-LSC-JEO-1**

**v.**

**JUMAR D. SIMS.**

## SENTENCING MEMORANDUM

## I.  INTRODUCTION

[E]very lawyer engaged in defending criminal cases knows that often a finding of guilt is a foregone conclusion and that the real issue centers about the severity of the punishment.  *Smith v. United States,* 223 F.2d 750, 751 (5th Cir. 1955).

The return to the exercise of true judicial discretion in sentencing is explained in these words of the Supreme Court:

> We have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range. Indeed, everyone agrees that the constitutional issue presented by these cases would have been avoided entirely if Congress had omitted from the SRA the provisions that make the Guidelines binding on district judges . . . For when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant.

*Booker*, 125 S. Ct. at 750 (citations omitted).

## II.  GUIDELINE CALCULATION

Despite the fact that the Probation Officer in paragraph 16 of the Presentence Report states the officer has no information indicating the defended has accepted responsibility the same is refuted in paragraph 14 of the Presentence Report.

As to consideration of application of 3E1.1, acceptance of responsibility Sims would remind the Court his primary focus at trial was to challenge the conduct alleged in Count 3 of the indictment.  Sims contended, through his defense at trial, that he had been set up by the confidential informant on that count .  He never ordered or had an awareness that the CS would have set him up with that drug quantity.

The Court will recall the CS was murdered prior to Sims trial and unavailable for cross examination during trial.

Even if the Court agrees with the Probation Officer that a 3E1.1 adjustment is not appropriate because Sims went to trial this fact could be considered by this Court as possible justification for a downward variance.

The Probation Officer has suggested that Sims qualifies as a career offender based on his two prior drug convictions.  It is suggested that his base offense level should increase to a 37 and his Criminal History Score to VI.  Absent the Career Offender Application Sims Criminal History Score would be IV and his offense level 34 resulting in advisory sentencing guidelines of 210 to 262 months.

Sims suggested guidelines of 360 months to life (base level 37 and Criminal

History Score of VI) severely overstate the seriousness of the present offense conduct and his past criminal history.

Sims is filing under separate cover an objection to the 21 U.S.C. §851 enhancement wherein the minimum term of confinement is 25 years.

### III.  REASON FOR DEPARTURE

Basis for Downward Departure from the Guidelines

Criminal History Score of VI  Overstates Seriousness of the defendant's past Criminal History.  This is explained above.

### 1V.  CONSIDERATION OF THE 3553(A) FACTORS IN THIS CASE

The Court should consider the need for the sentence to reflect the seriousness of the offense and the need to deter Jones and others from committing further crime. *See* §3553(a)(2).  Further, the Court can and should consider the panolopy of other mitigating arguments now permissible under *Booker*.

A.  **3553(a) FACTORS**

1. Nature and Circumstances of the Offense

The offense conduct is addressed in the Presentence Report on all three counts for which he was convicted.

2. Characteristics of the Defendant

Sims is not a first time offender.  He became addicted to heroin while in State prison.  He made a bad choice in becoming involved in this offense

conduct.  He has learned from his mistakes and will not recidivate.

3.    Protection of the Public

Sims does not pose a danger to the community.

4.    Providing Needed Educational or Vocational Training, Medical Care, or  Correctional Treatment

Participation in the residential substance program would be beneficial as well as certain other self-help programs.  Defendant would request to be placed at a facility where he can be trained as a welder.

5.    The Kinds of Sentences Available

6.    Sentencing Guidelines and Policy Standards

A reasonable sentence in this case would be no more than the base offense level of 34, Criminal History Score of IV, with guidelines of 210 and 262 months. If the objections to the 21 U.S.S.C. §851 fails then the defendant would ask for the Court to consider a variance.

## 2.  ADVISORY GUIDELINES

Although the Guidelines form a starting point in the District Court's analysis under 18 U.S.C. §3553(a), the District Court may not presume that the sentence suggested by the Guidelines is appropriate for an individual criminal defendant. *United States v. Ross*, 501 F.3d 851, 853 (7th Cir. 2007)

The Court may not presume that the Guideline range is reasonable but must make an individualized assessment based on the facts presented. If the Court

4

decides on an outside-the-guidelines sentence, the Court must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of variation.   The Court must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing.

The sentencing judge is in a superior position to find facts and judge their import under §3553(a) in the individual case. The judge sees and hears the evidence, makes credibility determinations, has full knowledge of the facts and gains insights not conveyed by the record.

The sentencing judge has access to, and greater familiarity with, the individual case and the individual defendant before him than the Commission or the appeals court.

It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue.[1]

As relates to paragraph 37, one of Sims' priors used for the 851 enhancement

---

[1]It is particularly revealing that when we adopted an abuse-of-discretion standard in *Koon*, we explicitly rejected the Government's argument that "*de novo* review of departure decisions is necessary 'to protect against unwarranted disparities arising from the differing sentencing approaches of individual district judges.'"

Even then we were satisfied that a more deferential abuse-of-discretion standard could successfully balance the need to "reduce unjustified disparities" across the Nation and "consider every convicted person as an individual."

he was sentenced to 60 months confinement, but only required to serve 10 months and 13 days before being released on parole.

Even if this conviction is countable under the First Step Act the brief period of incarceration suggests it was not a serious drug offense intended as an 851 qualifier for enhanced punishment. This, too, can form the basis for the Court's consideration of a downward variance in the event Sims prevails on his 851 objection.

This defendant is facing a minimum sentence of 25 years and a maximum sentence of life. Should the Court sentence the defendant to the minimum 25 years if the 851 is applied the cost of his incarceration to the United States tax payers would be $907,500.[2] This is for an offense involving 960 grams of methamphetamine and 111.1 grams of heroin. There are alternatives available to ensure protection of the public and deter recidivism.

It should be noted that the defendant does not have the ability to pay any fines which would be imposed.

### 2. FAMILY/COMMUNITY SUPPORT

Family members will be available to testify at his sentencing.

### 3. GUIDELINES OVERSTATE THE SERIOUSNESS OF THE OFFENSE CONDUCT

Sims, if unsuccessful, asks the court consider that the suggested guidelines

---

[2]Obviously this cost would increase significantly as expenses rise during a 25 year sentence.

overstate the seriousness of the offense conduct.

## V. SUGGESTED PROGRAMS WHILE INCARCERATED

Sims would benefit from the Residential Drug Program which is evident when reviewing paragraph 69-74.  He might also need some mental health counseling while incarcerated based on the information contained in paragraphs 64-67 of the Presentence Report.

It should be noted in spite of his academic issues and dropping out of school in the 8th grade, Sims did obtain his GED while incarcerated.  (See Paragraph 76) Also, the Presentence Report notes that Sims had no violations either time he was on parole with the Alabama Board of Pardons and Parole.

## VI. CONCLUSION

United States Supreme Court Justice Anthony Kennedy has previously stated that, "our resources are misspent, our punishment is too severe, our sentences too long."[3]

There is no presumption that the advisory Guideline range is the reasonable.  The Court must make an individualized assessment based upon the facts of the case.  *Gall v. United States*, 128 S.Ct. 586, 596-597 (2007). Therefore, defendant Jumar Sims  respectfully requests the Court fashion a sentence which will allow him to return to the community to assist in the care

---

[3]Justice Kennedy's speech at the August 9, 2003 annual meeting of the American Bar Association.

of his children and support his family as soon as possible.

Respectfully submitted this 23rd day of September 2019.

/s/SUSAN G. JAMES
Attorney at Law
600 South McDonough Street
Montgomery, Alabama 36104
Phone: (334) 269-3330
E-mail: thejamesfirm@aol.com
Bar No: ASB7956J64S

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2019 I filed the foregoing with

the Clerk of Court and will send notification of such filing to the following:

Austin Shutt
Assistant United States Attorney
U. S. Attorney's Office
1801 4th Avenue North
Birmingham, AL 35203-2101

Respectfully submitted,

/s/Susan G. James
Attorney at Law
600 South McDonough Street
Montgomery, Alabama 36104
Phone: (334) 269-3330
E-mail: thejamesfirm@aol.com
Bar No: ASB7956J64S