FILED

2019 Sep-23  PM 12:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

**CASE NO. 2:18-cr-00353-LSC-JEO-1**

**v.**

**JUMAR D. SIMS.**

### OBJECTION TO 21 U.S.C. §851 ENHANCEMENT

Comes now Jumar D. Sims, by and through undersigned counsel, and files this objection to the 21 U.S.C. §851 enhancement and in support thereof states the following:

### SIXTH AMENDMENT VIOLATION

The Government has filed for enhanced sentencing pursuant to 21 U.S.C. §851.  As a result Sims will receive a minimum 25 years.  (The prior offenses being relied on are Case No. CC-2015-704 and CC-2015-166, Talladega County, Alabama.  Sims contends he has a Sixth Amendment Right to a jury finding regarding his prior convictions for enhancement purposes beyond a reasonable doubt and the anticipated demise of *Almendarez-Torres v. U.S.*, 523 U.S. 224, 118 S.Ct. 1219 (1998) which will be later argued.

Sims argues that despite the United States Supreme Court's ruling in *Apprendi* that prior convictions for enhancement purposes are excluded from those covered by *Apprendi*, he believes that an 851 enhancement not charged in the

indictment or presented to the jury for a beyond a reasonable doubt finding should be barred pursuant to the *Apprendi* holding. He believes it is necessary to preserve this argument for later potentially favorable decisions on this topic.

In 1998, the United States Supreme Court decided the case of *Almendarez-Torres* in a divided court. In fact, Justices Breyer, Rehnquist, O'Conner, Kennedy, and Thomas were in the majority and Justice Scalia dissented with the concurrence of Justices Stevens, Souter, and Ginsburg.

In *Apprendi v. New Jersey*, two years later, the majority stated, "Even though it is arguable that *Almendarez-Torres* was incorrectly decided, n15 and that a logical application of your reasoning today should apply if the recidivism issue were contested, ***Apprendi* does not contest the decision's validity and we need not revisit for purposes of our decision today to treat the case as a narrow exception to the general rule**, we recalled at the outset. Given its unique facts, it surely does not warrant rejection of the otherwise uniform course of decision during the entire history of our jurisprudence." (emphasis added)

In *Almendarez-Torres*, the Defendant argued that 8 U.S.C. §1326 required that the prior felony convictions be stated in the indictment. The Court states that the statute did not define a separate crime and therefore the prior felony convictions did not need to be stated in the indictment. It was held that the trial judge, rather

2

than a jury, could increase the sentence for a recidivist.

As pointed out by the majority in *Apprendi*, "Because *Almendarez-Torres* had admitted the three earlier convictions for aggravated felonies all of which had been entered pursuant to proceedings with substantial procedural safeguards of their own- no question concerning the right to a jury trial or the standard of proof that would apply to a contested issue of facts was before the Court.

Section 8 U.S.C. §1326(a) makes it a crime for a deported alien to return to the United States without special permission. In 1988, Congress added subsection (b)(2), which authorizes a maximum prison term of 20 years for "any alien described" in subsection (a), if the initial deportation was subsequent to a conviction for commission of an aggravated felony.

In essence, the Fifth Circuit and the Supreme Court held that (b)(2) is a penalty provision which simply permits the imposition of a higher sentence when the unlawfully returning alien also has a record of prior convictions.

The *Almendarez-Torres* Court held, "An indictment must set forth each element of the crime that it charges, *Hauling v. United States*, 418 U.S. 87, 117, 41 L. Ed. 2d 590, 94 S. Ct. 2887, but it need not set forth factors relevant only to the sentencing of an offender found guilty of the charged crime."

Even the most cursory reading of *Blakely* makes clear that *Almendarez-*

*Torres* could no longer be good law.[1] In fact, Justice Thomas, in his concurring opinion in *Apprendi*, suggests he was wrong in *Almendarez-Torres* and that recidivism just as other factors that increase penalties must be proven to a jury. His alignment with the majority in *Blakely* signals the eventual death of *Almendarez-Torres*. In fact, in *Apprendi*, Justice Thomas stated: "Second, and related, one of the chief errors of *Almendarez-Torres*– an error to which I succumbed– was to attempt to discern whether a particular fact is traditionally or typically a basis for a sentencing court to increase an offender's sentence. 523 U.S. at 243-244; see id. at 230, 241. For the [*521] reasons I have given, it should be clear that this approach just defines away the real issue. What matters is the way by which a fact enters into the sentence. If a fact is by law, the basis for imposing or increasing punishment– for establishing or increasing the prosecution's entitlement– it is an element.

---

[1] Even if *Almendarez-Torres v. U.S.*, 523 U.S. 224, 118 S. Ct. 1219 (1998) remains viable, it should, at most, exclude the "fact of a prior conviction" from *Apprendi*'s rule. See *Apprendi*, 530 U.S. at 488. Notably, the continued viability of *Almendarez-Torres* is subject to renewed debate within the Supreme Court. See Dretke v. Haley, __U.S. __, 124 S. Ct. 1847, 1853-54 (2004) (where a 6-person majority of the Court recognized that whether Almendarez-Torres remained valid presented a "difficult constitutional question;" criticizing 3 dissenters for "simply assum[ing] away" the *Almendarez-Torres* issue). After *Apprendi*, *Dretke*, and now *Blakely*, it would be error for a lower court to extend *Almendarez-Torres* "by even a micron" beyond the narrow statutory issue addressed in such a case. See *Jefferson County v. Acker*, 210 F.3d 1317, 1320 (11th Cir., 2000) ("**if the facts of a gravely wounded Supreme Court decision do not line up closely with the facts before us- if it cannot be said that decision "directly controls" our case- then, we are free to apply the reasoning in later Supreme Court decisions to the case at hand. We are not obligated to extend by even a micron a Supreme Court decision which that Court itself has discredited**") (emphasis added; internal citations omitted).

To put the point differently, I am aware of no historical basis for treating as a non-element a fact that by law sets or increases (punishment). When one considers the question from this perspective, it is evident why the fact of a prior conviction is an element under a recidivism statute. Indeed, cases addressing such statutes provide some of the best discussions of what constitutes an element of a crime. One reason frequently offered for treating recidivism differently, a reason on which we relied in *Almendarez-Torres*, *supra*, at 235, is a concern for prejudicing the jury by informing it of the prior conviction. But this concern, of which earlier courts were well aware, does not make the traditional understanding of what an element is any less [***474] applicable to the fact of a prior conviction. See, e.g., *Maguire*, 47 Md. at 498; *Sickles*, 156 N.Y. at 547, 51 N.E. at 290." To be sure, however, further analysis will be provided.

So, there is no doubt the majority in *Almendarez-Torres* held that the statutes that authorized higher sentences for recidivists are sentencing factors not separate crimes. *Apprendi* and *Blakely* by their holdings seem to suggest otherwise. The enhancement violates Sims' Fifth Amendment right to indictment and Sixth Amendment right to a beyond reasonable doubt jury finding.

Justice Scalia, in his dissent in Almendarez-Torres, noted the majority opinions position on prior convictions is quite simply at odds with the manner in

which recidivism laws have historically been treated in this country.

Justice Scalia, in the *Almendarez-Torres* dissent, noted, "The defendant's interests [in keeping prejudicial prior convictions from the jury] are protected by limiting instructions and by the discretion residing with the trial judge to limit or forbid the admission of particularly prejudicial evidence even though admissible under an accepted rule of evidence]."

Also, it is necessary to analyze the Supreme Court's holding in *Apprendi*, restated in *Blakely* that, "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." There are scenarios where the existence of a prior conviction may be implicated outside of the sentencing factor prohibitions outlined in *Blakely*.

For instance, Alabama Felony DUI law (Code of Alabama, 1975, §32-5A-191). The legislature enacted incremental punishment increases on the basis of recidivism. This statutory scheme of punishing recidivists is codified within the code and the charge in and of itself denotes that the offender has a prior record and upon a proper charge and reasonable doubt conviction by the jury, the enhanced punishment is appropriate. In essence, the offender, by statute, is charged and punished as a recidivist based on prior convictions without violating *Apprendi* or

6

*Blakely*. The prior conviction exception is encompassed within the statute and, while it is a sentencing factor intertwined within the charging document and evidence, it takes a DUI, and by statute, makes a misdemeanor a felony for sentencing purposes.

Surely this is the prior conviction exception the United States Supreme Court referenced in *Almendarez-Torres*, *Blakely*, and *Apprendi*. There are likely other charging and sentencing schemes in existence that prove the exception noted above.

Any concern over the prejudice of prior conviction evidence being charged and submitted to a jury is overcome by the available means of redacting indictments and bifurcated sentencing proceedings.

Even the *Almendarez-Torres* court foresaw *Apprendi* and *Blakely* wherein it was held, "Accordingly, we express no view on whether some heightened standard of proof might apply to sentencing determinations which bear significantly on the severity of sentence."

The dissent in *Almendarez-Torres*, Justices Scalia, Stevens, Souter, and Ginsburg are four of the majority in *Blakely* having picked up Justice Thomas who was previously in the *Almendarez-Torres* majority only to later abandon his position.

Justice Scalia, in his dissent, queried, "This causes the Court to confront the

7

difficult questions whether the Constitution requires a fact which substantially increases the maximum permissible punishment for a crime to be treated as an element of that crime- to be charged in the indictment, and found beyond a reasonable doubt by a jury". This question was addressed in *Apprendi* and clarified in *Blakely*. The answer is yes.

In *Almendarez-Torres*, the dissent authored by Justice Scalia, the author of the *Blakely* opinion for the majority, reasoned that the cause of the prior felony created a separate criminal offense which must be charged in the indictment.

The dissent points out in *Almendarez-Torres* that "many state Supreme Courts have concluded that a proven conviction which increases maximum punishment must be treated as an element of the offense under state constitutions or as a matter of common law.

The dissent in *Almendarez-Torres* drew the only logical conclusion, "there is no rational basis for making recidivism an exception." Talley submits, on this basis, the 851 enhancement should not apply.

As recent as the decision in *Mathis v. United States*, __ U.S. ___, 136 S.Ct. 2243, 195 L.Ed. 2d 604 (2016) Justice Thomas stated the following in his concurrence:

"I join the Court's opinion, which faithfully applies our precedents. The Court

holds that the modified categorical approach cannot be used to determine the specific means by which a defendant committed a crime. *Ante,* at 11-12. By rightly refusing to apply the modified categorical approach, the Court avoids further extending its precedents that limit a criminal defendant's right to a public trial before a jury of his peers.

In *Almendarez-Torres v. United States*, 523 U.S. 224, 246-247, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), the Court held that the existence of a prior conviction triggering enhanced penalties for a recidivist was a fact that could be found by a judge, not an element of the crime that must be found by a jury. Two years later, the Court held that " any fact that increases the penalty for a crime beyond the prescribed statutory maximum" is an element [136 S.Ct. 2259] of a crime and therefore " must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); see *id.,* at 489-490, 120 S.Ct. 2348, 147 L.Ed.2d 435. But *Apprendi* recognized an exception for the " fact of a prior conviction," instead of overruling *Almendarez-Torres.* See 530 U.S. at 490, 120 S.Ct. 2348, 147 L.Ed.2d 435. I continue to believe that the exception in *Apprendi* was wrong, and I have urged that *Almendarez-Torres* be reconsidered. See *Descamps v. United States*, 570 U.S., 133 S.Ct. 2276, 186 L.Ed.2d 438, 463 (2013) (THOMAS, J., concurring in judgment).

Consistent with this view, I continue to believe that depending on judge-found facts in Armed Career Criminal Act (ACCA) cases violates the Sixth Amendment and is irreconcilable with *Apprendi*. ACCA improperly " allows the judge to 'mak[e] a finding that raises [a defendant's] sentence beyond the sentence that could have lawfully been imposed by reference to facts found by the jury or admitted by the defendant.'" *Descamps, supra,* 133 S.Ct. 2276, 186 L.Ed.2d 438, 463-464 (opinion of THOMAS, J.) (brackets in original; internal quotation marks omitted). This Sixth Amendment problem persists regardless of whether " a court is determining whether a prior conviction was entered, or attempting to discern what facts were necessary to a prior conviction." *Id.,* at 133 S.Ct. 2276, 186 L.Ed.2d 438, 463 (citation omitted).

It is for these reasons Sims argues that the 851 enhancement was for a jury determination.

Respectfully submitted this 23rd day of September 2019.

/s/SUSAN G. JAMES
Attorney at Law
600 South McDonough Street
Montgomery, Alabama 36104
Phone: (334) 269-3330
E-mail: thejamesfirm@aol.com
Bar No: ASB7956J64S

10

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2019 I filed the foregoing with the Clerk of

Court and will send notification of such filing to the following:

Austin Shutt
Assistant United States Attorney
U. S. Attorney's Office
1801 4th Avenue North
Birmingham, AL 35203-2101

Respectfully submitted,

/s/Susan G. James
Attorney at Law
600 South McDonough Street
Montgomery, Alabama 36104
Phone: (334) 269-3330
E-mail: thejamesfirm@aol.com
Bar No: ASB7956J64S

11