# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:18-cr-00353-LSC-JEO |
| | ) | |
| JUMAR D. SIMS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF OPINION AND ORDER**

In this ancillary forfeiture proceeding, the United States moves to dismiss *pro se* third party Chrissy K. Leonard's ("Leonard") petition and claim of interest to forfeited property ("Petition") under Fed. R. Crim. P. 32.2(c)(1)(A) and 21 U.S.C. § 853(n)(2) and (3). (Doc. 94.) For the reasons stated below, the United States' motion to dismiss is due to be denied.

**I.     Background**

On April 17, 2019, a jury found Defendant Jumar Sims guilty of possession and distribution of heroin in violation of 21 U.S.C. § 841(a)(1). (Doc. 67.) On September 25, 2019, the United States successfully obtained a preliminary order of forfeiture extinguishing Sim's interest in a 2013 Dodge Charger (the "property"). (Doc. 87.) The order stated the property was used to facilitate the drug crimes of which

Defendant was convicted in April 2019 and that Defendant forfeited his interest to the United States. (*Id.*) On October 17, 2019, the United States sent notice to Leonard that the property had been ordered forfeited to the United States and that she had a right to file a claim to it. (Doc. 93-1.) In that notice, the United States informed Leonard that 21 U.S.C. § 853(n) governed the claim process, and that:

> [T]he petition must be signed by the petitioner under penalty of perjury and must identify the particular property or properties in which the petitioner claims a legal right, title, or interest; the nature and extent of the such right, title, or interest in each property; the time and circumstances of the petitioner's acquisition of the right, title, and interest in each property; and any additional facts and documents supporting the petitioner's claim and the relief sought that [she] may wish to submit.

(*Id.* at 2.) Leonard filed her Petition with this Court on November 13, 2019, in which she claims that she was the owner of a 2011 Black Dodge Charger, that she bought the car, and that the title is in her name. (Doc. 93 at 1.) The Petition does not state that it was signed under penalty of perjury. Leonard attached to the Petition a copy of the notice she received from the United States. However, she did not provide any additional facts or documentation to support her claim.

The United States now moves to dismiss the Petition, arguing that Leonard did not plead sufficient facts to state a claim to the property and did not sign the petition under penalty of perjury as required by 21 U.S.C. § 853(n). (Doc. 94 at 6.)

    II.    **Standard**

An ancillary forfeiture proceeding allows third parties with ownership interests in forfeited property the opportunity to challenge the criminal forfeiture order and assert their ownership interests. *See United States v. Marion*, 562 F.3d 1330, 1336 (11th Cir. 2009). These proceedings are governed by 21 U.S.C. § 853 and Federal Rule of Criminal Procedure 32.2. *Id.* Section 853 states that "any person, other than the defendant, asserting a legal interest in property which has been forfeited . . . may . . . petition the court for a hearing to adjudicate the validity of his alleged interest in the property." 21 U.S.C. § 853(n)(2). The petition:

> shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

*Id.* at § 853(n)(3). If the petitioner meets her burden of proof, she is then entitled to an evidentiary hearing during which she must establish, by a preponderance of the evidence, her ownership interest in the property and that such interest was superior to that of the defendant. *Id.* at § 853(n)(6).

In an ancillary proceeding, a party may move to dismiss a petition challenging the forfeiture of property "for lack of standing, for failure to state a claim, or for any other lawful reason." Fed. R. Crim. P. 32.2(c)(1)(A). Additionally, "for purposes of the motion, the facts set forth in the petition are assumed to be true." *Id.* If a motion

to dismiss a third-party petition is filed before discovery or a hearing, a court should treat it "like a motion to dismiss a civil complaint under Fed. R. Civ. P. 12(b)." *See Marion*, 562 F.3d at 1342 (citing *Pacheco v. Serendensky*, 393 F.3d 348, 352 (2d. Cir. 2004)). This Court will also consider the principles applicable to *pro se* litigants. "A document filed *pro se* is to be liberally construed" and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This standard does not mean that the court will serve as "de facto counsel for a *pro se* party" or "rewrite an otherwise deficient pleading by a *pro se* litigant in order to sustain an action." *Poursaied v. Research Park LLC*, 379 F. Supp. 3d 1182, 1186 (N.D. Ala. 2019). Instead, the court aims "to give a *pro se* plaintiff a break when, although she stumbles on a technicality, [her] pleading is otherwise understandable." *White v. Napolitano*, No. CV-10-S-2720-NE, 2011 WL 13175777, at *1 (N.D. Ala. June 8, 2011). Since Leonard is proceeding *pro se*, her Petition is construed "liberally" and "only the truly untenable claims" should be dismissed or decided at this stage. *Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985).

While the Eleventh Circuit has not addressed this issue, generally courts have strictly construed the pleading requirements of § 853(n) in order to discourage false or frivolous claims. *See, e.g.*, *United States v. Ginn*, 799 F. Supp. 2d 645, 647 (E.D.

La. 2010) (refusing to create an exception for claim not being signed under penalty of perjury); *United States v. Dunning*, No. 2:14-CR-382-BJR-TMP, 2017 WL 9512460 (N.D. Ala. Feb. 27, 2017), *report and recommendation adopted*, No. 2:14-CR-382-BJR-TMP, 2017 WL 1277878, at *2 (N.D. Ala. Apr. 6, 2017) ("The procedural requirements of § 853(n) are strictly construed to prevent frivolous claims."). However, some courts have given leniency to the otherwise strict pleading and procedural requirements when a *pro se* litigant is involved. *See, e.g.*, *United States v. Conn*, No. 5:17-043-DCR, 2018 WL 2392511 (E.D. Ky. May 25, 2018); *United States v. Natalie Jewelry*, No. 14-CR-60094, 2015 WL 150841 (S.D. Fla. Jan. 13, 2015), *report and recommendation adopted*, *United States v. Jewelry*, No. 14-60094-CR, 2015 WL 1181987 (S.D. Fla. Mar. 13, 2015). For example, when considering the Government's motion to dismiss a *pro se* petition for failure to meet the § 853(n) requirements, one court allowed the petitioner, in light of her *pro se* status, the chance to amend her complaint twice in order to meet the statutory requirements. *See Conn*, 2018 WL 2392511, at *2. In another case, the court issued a scheduling order that included new deadlines for the petitioners to cure the alleged defects raised by the Government and gave six additional days for any petition not signed under penalty of perjury to be re-filed and corrected. *See Natalie Jewelry*, 2015 WL 150841, at *2.

Still, other courts have strictly construed the § 853(n) requirements even in the face of a *pro se* petition. *See, e.g.*, *United States v. Zelaya Rojas*, 364 F. Supp. 3d 626 (E.D. La. 2019); *United States v. Lima*, No. 8:09-cr-377-T-17TBM, 2011 WL 5525339, at *3 (M.D. Fla. Oct. 19, 2011), *report and recommendation adopted*, No. 8:09-cr-377-T-17TBM, 2011 WL 5525354 (M.D. Fla. Nov. 14, 2011). One court recognized that at least one other court has allowed a *pro se* petitioner the opportunity to amend, but it refused to follow suit, saying it found "no reason to create an exception to the statutory requirements." *Zelaya Rojas*, 364 F. Supp. 3d at 631. The court reasoned that the notice served on the *pro se* claimant clearly explained the statutory requirements. *Id.* Another court dismissed a petition filed by a *pro se* petitioner that claimed an ownership interest in a conclusory fashion. *Lima*, 2011 WL 5525339, at *3. The court did not give the *pro se* petitioner a chance to amend the deficiencies. *See id.*

### III. Discussion

It is undisputed that Leonard's Petition was timely filed. The United States claims that the Petition should be dismissed because Leonard did not sign it under penalty of perjury and failed to state sufficient facts regarding her ownership interest. (Doc. 94 at 1.) Leonard's Petition states that she is the owner of a 2011 Black Dodge Charger, that she bought the car, and that the title is in her name. (Doc. 93 at 1.)

While Leonard did in part address the nature of her right by stating that she bought the car and the title is in her name, she provided the incorrect year. Moreover, Leonard provided no information regarding the "time and circumstances of her acquisition of the right, title or interest in the property," and she provided no "additional facts supporting her claim." 21 U.S.C. § 853(n)(3). Additionally, Leonard failed to sign the petition under penalty of perjury. Therefore, the Petition fails to meet the statutory requirements of § 853(n).

The facts as currently pleaded, even when assumed to be true and construed liberally, fail to meet the § 853(n) requirements. However, the Court finds it appropriate to take into account Leonard's *pro se* status. Further, the Court is persuaded by the reasoning of the district courts that have allowed a *pro se* litigant a second chance to file a petition that comports with the statutory requirements. Accordingly, this Court will allow Leonard one more opportunity to file her Petition, signed under the penalty of perjury and providing the necessary information to demonstrate an interest in the property. Leonard shall have until Monday, July 6, 2020, to file such an Amended Petition.

## IV.   Conclusion

For the reasons stated above, the Government's motion to dismiss (doc. 94) is DENIED. **Leonard shall have until Monday, July 6, 2020, to file an Amended**

Petition that complies with the requirements of § 853(n). At a minimum, the Amended Petition shall state facts explaining when she acquired the property and details concerning where and how she acquired the property. Additionally, Leonard must sign the Amended Petition under penalty of perjury. If she fails to timely file the Amended Petition or if the Amended Petition fails to sufficiently correct the deficiencies from the original Petition, Leonard is advised that this action may be dismissed without further notice.

**DONE** and **ORDERED** on June 22, 2020.

_____
L. Scott Coogler
United States District Judge

199335