FILED
1  2020 Sep-14  AM 11:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

UNITED STATES OF AMERICA,            2:18-CR-353-LSC-JHE

          V.                          SEPTEMBER 24, 2019

JUMAR D. SIMS,                        BIRMINGHAM, ALABAMA

          DEFENDANT.

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *


                REPORTER'S OFFICIAL TRANSCRIPT OF
                         SENTENCING


           BEFORE THE HONORABLE L. SCOTT COOGLER,
                UNITED STATES CHIEF JUDGE


APPEARANCES:

FOR THE UNITED STATES:

AUSTIN SHUTT
U.S. ATTORNEY'S OFFICE
1801 4TH AVENUE NORTH
BIRMINGHAM, ALABAMA 35203

FOR THE DEFENDANT:

SUSAN G. JAMES
JAMES LAW FIRM
600 SOUTH MCDONOUGH STREET
MONTGOMERY, ALABAMA  36104


LINDY M. FULLER, RMR, CRR, CRC
FEDERAL OFFICIAL COURT REPORTER
1729 5TH AVENUE NORTH
BIRMINGHAM, ALABAMA  35203

P R O C E E D I N G S

(IN OPEN COURT)

THE COURT:  WITH REGARD TO MR. SIMS CASE, I NOTICE THE DEFENSE FILED OBJECTIONS YESTERDAY OR THE DAY BEFORE OR SOMETHING, RECENTLY -- WAY OUT OF TIME.

MS. JAMES:  YES, SIR.  IT WAS IN OBJECTION TO THE 851, JUDGE.  WE DID NOT FILE OBJECTIONS TO THE PRESENTENCE REPORT.  WE HAVE TO FILE THAT BEFORE SENTENCING, AND I KNOW IT'S A FORMALITY FROM MY STANDPOINT.  THE LAW IS NOT WITH US YET BUT I AM HOPEFULLY OPTIMISTIC THAT IT WILL BE, SO I AM DOING IT TO PRESERVE THAT.  JUST AS A MATTER OF ROUTINE, JUST DID THE SENTENCING --

THE COURT:  IS HE OBJECTING TO THE FACT OF THE CONVICTIONS OR IS HE OBJECTING TO THE FACT THAT THEY WEREN'T INCLUDED IN HIS INDICTMENT ON THIS CASE AND TRIED TO A JURY?

MS. JAMES:  YES, SIR.  TO THE FACT THAT THE -- IT'S OUR CONTENTION EXCEPTION IN ALMENDAREZ TORRES TO USING PRIOR CONVICTIONS FOR ENHANCEMENT PURPOSES IS A SIXTH AMENDMENT VIOLATION.  AND I JUST KIND OF GAVE A HISTORY OF HOW THE LAW HAS GONE ON THAT.

THE COURT:  YEAH.  I JUST WANT TO MAKE SURE I HAVE GOT EVERYTHING --

MS. JAMES:  HE IS NOT OBJECTING TO THE TWO

PRIOR CONVICTIONS.

THE COURT:  HE IS ADMITTING THAT HE WAS ACTUALLY CONVICTED OF THOSE, HE IS JUST TECHNICALLY SAYING WE SHOULD HAVE TRIED IT TO THE JURY?

MS. JAMES:  YES, SIR.

THE COURT:  WHETHER HE HAD BEEN CONVICTED OF THOSE?

MS. JAMES:  RIGHT.

THE COURT:  WHICH IS AN INTERESTING THING BECAUSE YOU KNOW WITH A 922(G)(1) CASE, I HAVE NEVER SEEN A DEFENDANT YET THAT DOESN'T STIPULATE THAT THEY WERE PREVIOUSLY CONVICTED BECAUSE THEY DON'T WANT THE JURY TO HAVE THE FACTS OF THE CONVICTIONS.

SO, IF TAKEN TO ITS NATURAL CONCLUSION, THE GOVERNMENT WOULD BE FREE TO INDICT THE DEFENDANTS ON THESE KIND OF CASES AND PRESENT TO THE JURY THE FACT OF THE PREVIOUS CONVICTIONS AND HAVE THE JURY, JUST LIKE IT'S AN ELEMENT.

MS. JAMES:  THE SOLUTION THERE, JUDGE, AND I HAVE THOUGHT ABOUT THIS A LONG TIME; I HAVE BEEN FIGHTING THIS BATTLE A LONG TIME.  IT'S JUST THAT JUSTICE THOMAS IS KIND OF COMING AROUND TO MY POSITION NOW.

BUT THE SOLUTION WOULD BE BIFURCATION, JUST LIKE WE USED TO HAVE TO DO IN THE FORFEITURE PART OF TRIALS.  AND, THEREFORE, THE DEFENDANT WOULD HAVE BEEN

CONVICTED AND THEN -- IT'S GOING TO BE AN EASY FIX.  THE PEOPLE LIKE MR. SIMS ARE IN A BETTER POSITION THAN SOMEBODY NOT FACING THIS, WHO THEY JUST WALK IN, PROVIDE CERTIFIED COPIES --

THE COURT:  I THINK I UNDERSTAND.  BUT SHORT OF JUSTICE THOMAS SAYING, YOU KNOW, I THINK SUSAN JAMES IS RIGHT, I THINK I AM GOING TO DEAL WITH THIS.

LET ME OPEN IT UP AND I AM GOING TO GIVE YOU A FEW MINUTES TO TALK TO YOUR CLIENT AS YOU SAID YOU NEEDED, OKAY?

MS. JAMES:  YES, SIR.

THE COURT:  THIS IS UNITED STATES OF AMERICA V. JUMAR SIMS, CASE NUMBER 18-353.  WE ARE HERE FOR THE PURPOSE OF SENTENCING THE DEFENDANT.

IS THE GOVERNMENT READY TO PROCEED?

MR. SHUTT:  YES, YOUR HONOR.

THE COURT:  DEFENSE, YOU READY TO PROCEED?

MS. JAMES:  YES, SIR.

THE COURT:  TAKE A COUPLE OF MINUTES TO TALK TO YOUR CLIENT.

YOU NEED TO GET HIM TO SIGN COURT'S EXHIBIT ONE WHICH IS THE TERMS AND CONDITIONS OF SUPERVISED RELEASE AFTER HE READS IT, PLEASE.

MS. JAMES:  YES, SIR.

(BRIEF PAUSE.)

THE COURT: MS. JAMES, HAVE YOU AND YOUR CLIENT HAD AT LEAST 35 DAYS TO REVIEW THE PRESENTENCE REPORT?

MS. JAMES: YES, SIR.

THE COURT: DO YOU HAVE ANY OBJECTIONS REMAINING TO IT?

MS. JAMES: NO, SIR.

THE COURT: GOVERNMENT, DO YOU HAVE ANY OBJECTIONS LEFT TO THE PRESENTENCE REPORT?

MR. SHUTT: NO, YOUR HONOR.

THE COURT: THE COURT NOTES THAT AN INFORMATION WAS FILED PURSUANT TO 21 USC SECTION 851 PRIOR TO THE TRIAL OF THIS CASE SEEKING AN ENHANCEMENT BASED ON TWO PRIOR FELONY DRUG CONVICTIONS. THOSE DRUG CONVICTIONS WERE REFERRED TO IN PARAGRAPHS 37 AND 40.

NOW, I UNDERSTAND, AND 37 IS UNLAWFUL DISTRIBUTION OF CONTROLLED SUBSTANCE TALLADEGA COUNTY CIRCUIT COURT, CASE NUMBER CC-07-753. LOOKS LIKE THE DATE OF CONVICTION WAS THE FIRST, EXCUSE ME, THE 19TH DAY OF JANUARY, 2007. THE OTHER ONE IS PARAGRAPH 40 OF THE PRESENTENCE REPORT, AND IT IS ON THE 18TH DAY OF MARCH, 2014 AND IT'S UNLAWFUL DISTRIBUTION OF A CONTROLLED SUBSTANCE, TALLADEGA COUNTY CIRCUIT COURT, CASE

NUMBER CC-15-166.

I UNDERSTAND THE DEFENDANT HAS ASSERTED AN OBJECTION AS STATED ORIGINALLY.  AND, LINDY, DID YOU GET THAT ON THE RECORD THAT I WAS SAYING BEFORE, THAT BASICALLY THE DEFENDANT CONTENDS THAT THIS IS AN ELEMENT AND SHOULD HAVE BEEN CHARGED TO THE JURY AND HAD THE JURY MAKE A DECISION AS TO WHETHER OR NOT THE DEFENDANT WAS ACTUALLY CONVICTED OF THOSE TWO PRIOR DRUG CONVICTIONS.  I UNDERSTAND THAT.

AND I NOTE THAT OBJECTION FOR THE RECORD.  BUT I NEED TO KNOW WHETHER HE, AND I THINK I WAS TOLD THIS EARLIER, THAT HE DOES NOT DENY -- IN FACT, HE ADMITS HE WAS ACTUALLY CONVICTED OF THOSE TWO OFFENSES AS SET OUT IN THE PRESENTENCE REPORT AND FURTHER AS SET OUT IN THE ENHANCEMENT THAT, YES, HE WAS ACTUALLY CONVICTED OF THOSE TWO OFFENSES.

IS THAT CORRECT?

MS. JAMES:  THAT'S CORRECT.

THE COURT:  I NEED YOU TO TELL ME, MR. SIMS, IS THAT CORRECT?

THE DEFENDANT:  YES, SIR.

THE COURT:  SEE THAT MICROPHONE?  WHY DON'T YOU PULL THAT CLOSE TO YOU, OKAY?  DON'T

STAND UP BECAUSE YOU ARE TALL.  WHEN YOU STAND UP, WE ARE GOING TO LOSE YOU.

THE DEFENDANT:  YES, SIR.

THE COURT:  DO YOU UNDERSTAND THAT YOU HAVE GOT TO -- IF YOU WANT TO DENY, OTHER THAN AS I PREVIOUSLY STATED, YOUR LAWYER'S RAISED THAT OBJECTION.  BUT IF YOU WANT TO DENY THE AUTHENTICITY OR THE ACTUAL OCCURRENCE OF THE CONVICTIONS, YOU HAVE GOT TO DO THAT NOW BEFORE I SENTENCE YOU.

DO YOU UNDERSTAND THAT?

THE DEFENDANT:  YES, SIR.

THE COURT:  ALL RIGHT.  SO, THERE BEING NO OBJECTIONS, THE COURT ADOPTS THE FACTUAL STATEMENTS CONTAINED IN THE PRESENTENCE REPORT AND MAKES SPECIFIC FINDINGS THAT THE DEFENDANT QUALIFIES AS A CAREER OFFENDER, AND I OVERRULED THE OBJECTION MADE BY THE DEFENDANT AS STATED. AND I FIND THAT THE DEFENDANT QUALIFIES AS A CAREER OFFENDER WITHIN THE MEANING OF SECTION 4B1.1.  GUIDELINE OFFENSE LEVEL IS 37; THE CRIMINAL HISTORY CATEGORY IS VI; ADVISORY GUIDELINE IMPRISONMENT RANGE IS A TERM OF 360 MONTHS TO LIFE.  FURTHER, SUPERVISED RELEASE PERIOD IS TEN YEARS; AND THE FINE RANGE IS

$40,000 TO $24 MILLION.

RESTITUTION IS NOT AN ISSUE IN THE CASE.  WE DO HAVE AN ISSUE OF THE FORFEITURE.  HAVE YOU ALL RESOLVED THAT?

MS. JAMES:  WE HAVE, YOUR HONOR.  BUT MR. BORTON AND I HAVE SPOKEN ABOUT IT AND THE PRESENTENCE REPORT SETS OUT AS WELL AS THE EVIDENCE IN THE CASE THAT THE CHARGER WAS USED -- THE CHARGER ISSUED IN THE FORFEITURE WAS USED DURING THE TRANSACTION FOR WHICH HE WAS CHARGED AND CONVICTED.  HE IS PREPARED TO WAIVE ANY -- IF THERE IS A CLAIM HE HAS TO THE VEHICLE, THE VEHICLE IS ACTUALLY OWNED BY A FEMALE, MS. LEONARD, I BELIEVE IS HER NAME.  MS. LEONARD.  AND MR. BORTON ADVISES THAT SHE WILL BE ABLE TO PURSUE A CHALLENGE TO THAT ON HER OWN.

THE COURT:  ALL RIGHT.  SO, IF THE GOVERNMENT COULD GET ME A FINAL ORDER OF FORFEITURE WITH REGARD TO THE DEFENDANT'S INTEREST IN THAT VEHICLE, PLEASE --

MR. SHUTT:  YES, YOUR HONOR.

THE COURT:  -- I WILL ENTER IT.  I AM ENTERING IT PRELIMINARILY NOW.

MS. JAMES, DO YOU HAVE ANYTHING TO SAY IN MITIGATION OR OTHERWISE BEFORE I PRONOUNCE THE

SENTENCE OF LAW UPON YOUR CLIENT?

MS. JAMES:  JUDGE, I DON'T.  HIS MOTHER AND SISTER ARE PRESENT.  MAY THEY ADDRESS THE COURT?

THE COURT:  THEY CAN.  THEY CAN COME TO THE PODIUM, PLEASE.

JUST BOTH OF THEM COME UP AT ONCE IF THEY ARE BOTH GOING TO TALK TO ME.

MS. JAMES:  SHE DOESN'T WANT TO.

THE COURT:  COME ON UP, PLEASE, MA'AM.

SEE THAT MICROPHONE RIGHT THERE? THERE YOU GO.  IF YOU WOULD START BY TELLING US YOUR NAME.

MS. SIMS:  SHARON SIMS.

THE COURT:  AND WHAT COMMUNITY DO YOU LIVE IN?  TALLADEGA?

MS. SIMS:  NO.

THE COURT:  WHERE?

MS. SIMS:  ST. CLAIR.

THE COURT:  YOU LIVE IN ST. CLAIR COUNTY?

MS. SIMS:  YES.

THE COURT:  WHAT COMMUNITY IN ST. CLAIR COUNTY?  IS THERE A COMMUNITY OR DO YOU LIVE IN THE COUNTY?

MS. SIMS:  IT'S A COMMUNITY.  PELL CITY.

THE COURT:  PELL CITY; OKAY.  THAT'S GOOD.  THANK YOU, MA'AM.

TELL ME WHAT YOU CAME TO TELL ME, PLEASE.

MS. SIMS:  FIRST, I WOULD LIKE TO START OFF BY SAYING THAT MY SON IS NOT A BAD PERSON.  HE IS A FATHER OF SEVEN THAT LOVES HIM AND MISSES HIM DEEPLY.  BUT HE IS -- HAVE A FAMILY, THAT LOVES HIM.  THE REASON THIS COURTROOM IS NOT FILLED WITH HIS FAMILY AND FRIENDS NOW IS BECAUSE HE WANTS TO SPARE THEM OF THE PAIN.  BUT HE HAS SHOWN GREAT REMORSE AND REGRET FOR HIS ACTIONS, AND I UNDERSTAND THAT THERE ARE CONSEQUENCES BEHIND ACTIONS.

BUT OVERALL, HE IS NOT A BAD PERSON. HE WILL GIVE SOMEBODY THE SHIRT OFF HIS BACK.  I MEAN, HE HAS HELPED IN THE COMMUNITY.  WHEN HE JOINED CHURCH, HE TOOK ALL HIS CHILDREN UP WITH HIM.  HE IS JUST NOT A BAD PERSON.  HE MADE SOME WRONG DECISIONS.  AND LIKE I SAID, THERE IS CONSEQUENCES; WE UNDERSTAND THAT.  BUT HE HAS SHOWN GREAT REMORSE AND REGRET FOR HIS ACTION.

THE COURT:  OKAY.  THANK YOU, MA'AM.

MS. SIMS: THANK YOU FOR ALLOWING ME TO SPEAK ON HIS BEHALF.

THE COURT: YES, MA'AM.

MS. JAMES: JUDGE, I DID WANT TO SAY ONE THING, IF I MIGHT.

THE COURT: I AM GOING TO ASK YOU NOW, IS THERE ANYTHING YOU WANT TO TELL ME IN MITIGATION OR OTHERWISE BEFORE I PRONOUNCE THE SENTENCE OF LAW UPON YOUR CLIENT?

MS. JAMES: JUDGE, I WOULD -- THE 851 ENHANCEMENT PUTS --

THE COURT: TALK INTO THAT MICROPHONE. WHY DON'T YOU JUST STAY SEATED AND TALK INTO THAT MICROPHONE? THAT WOULD BE GREAT.

MS. JAMES: THE 851 ENHANCEMENT IS A SIGNIFICANT SENTENCE. THE PROBATION OFFICER'S NOTED IN THE PRESENTENCE REPORT THE RANGE OF 25 TO 30 YEARS, AND THE GUIDELINES ARE CALLING FOR MORE WITH THE CAREER OFFENDER APPLICATION. WHILE I RECOGNIZE THAT THEY ARE ACCOUNTABLE PRIOR CONVICTIONS FOR BOTH PURPOSES, THE 851 AND THE CAREER OFFENDER, I WOULD ASK THE COURT TO GIVE HIM THE LEAST POSSIBLE SENTENCE, GIVEN THE 851 ENHANCEMENT.

THE COURT: ANYTHING YOU WANT TO TELL

ME, MR. SIMS, IN MITIGATION OR OTHERWISE BEFORE I PRONOUNCE THE SENTENCE OF LAW UPON YOU?

THE DEFENDANT:  NO, SIR.

YOUR HONOR, I JUST WANT TO APOLOGIZE TO THE COURTS AND MY FAMILY FOR BRINGING THEM THROUGH THIS AND ALL THE HURT. THAT'S ABOUT ALL.

THE COURT:  GOVERNMENT, WHAT'S YOUR RECOMMENDATION?

MR. SHUTT:  YOUR HONOR, WE WOULD RECOMMEND A SENTENCE WITHIN THE GUIDELINE RANGE OF 360 TO LIFE.  A LIFE SENTENCE WOULD NOT BE UNFAIR OR UNWARRANTED IN THIS CASE.  MR. SIMS' CRIMINAL HISTORY, HE IS 35 YEARS OLD, IT STARTS AT AGE 19, CONTINUED UNABATED UNTIL THE ACTIONS THAT BROUGHT HIM TO COURT TODAY.

I WON'T BELABOR THE FACTS BECAUSE, OF COURSE, THE COURT HEARD THE TRIAL IN THIS CASE. TO PROTECT SOCIETY, THE COMMUNITY, IN ORDER TO GET JUST PUNISHMENT TO THIS OFFENSE IN LIGHT OF HIS CRIMINAL HISTORY, WE WOULD ASK FOR A GUIDELINE SENTENCE.

THE COURT:  WOULD YOU THINK 360 MONTHS IS SUFFICIENT OR NOT?

MR. SHUTT:  IT WOULD BE SUFFICIENT,

YOUR HONOR.

THE COURT:  ALL RIGHT.  I AM ORDERING YOU REMANDED TO THE CUSTODY OF THE BUREAU OF PRISONS TO BE IMPRISONED FOR A PERIOD OF 360 MONTHS.  THAT'S WITH REGARD TO ALL THREE COUNTS, AND THEY WILL RUN CONCURRENT WITH EACH OTHER.

I AM GOING TO PLACE YOU ON SUPERVISED RELEASE, AND I BELIEVE THAT'S APPROPRIATE WHEN I CONSIDER THE NATURE AND CIRCUMSTANCES OF THE OFFENSE AND THE HISTORY AND CHARACTERISTICS OF YOU.

I WILL ALSO NOTE THAT TO THE EXTENT IT WAS POSSIBLE, WHICH I BELIEVE IT WAS, FOR ME TO GIVE YOU THAT SENTENCE EVEN IF THE 851 ENHANCEMENT DID NOT APPLY BECAUSE IT WAS A 25 YEARS TO 30 YEARS, I THINK, GUIDELINE BEFORE THAT.  I WOULD HAVE GIVEN YOU THE SAME THING, 360 MONTHS, EFFECTIVELY, AS YOUR SENTENCE, EVEN IF THAT DID NOT APPLY.

WITH REGARD TO SUPERVISED RELEASE, I AM PLACING YOU ON SUPERVISED RELEASE FOR A PERIOD OF 15 YEARS AS TO ALL THREE COUNTS.  WHILE YOU ARE ON SUPERVISED RELEASE, YOU WILL COMPLY WITH THE STANDARD AND MANDATORY CONDITIONS OF SUPERVISED RELEASE OF RECORD IN THIS COURT AS WELL AS

SPECIAL CONDITIONS PUT ON COURT'S EXHIBIT ONE
THAT YOU HAVE READ AND SIGNED.

HE SIGNED THAT; IS THAT CORRECT?

MS. JAMES:  HE DID, YOUR HONOR.

THE COURT:  SHAWN WILL GET IT FROM YOU
IN JUST A SECOND.

I AM NOT GOING TO IMPOSE A FINE DUE TO
YOUR INABILITY TO PAY FINE.  I DO ORDER YOU PAY
THE UNITED STATES A SPECIAL ASSESSMENT FEE IN THE
AMOUNT OF $300.  THE ASSESSMENT FEE IS DUE
IMMEDIATELY.

DO YOU WANT ME TO ASK THAT HE BE HOUSED
AS CLOSE TO TALLADEGA AS WE CAN GET HIM?

MS. JAMES:  RIGHT.  YOUR HONOR, I DID.
AFTER SPEAKING WITH HIM, HE WOULD ASK -- THERE IS
A WELDING PROGRAM AT TALLADEGA, I BELIEVE.  IF
YOU WOULD MAKE A RECOMMENDATION, IT WOULDN'T BE
BINDING, BUT I THINK IT WOULD BE CONSISTENT WITH
THE FIRST STEP ACT.  AND, OBVIOUSLY, HE NEEDS THE
RESIDENTIAL SUBSTANCE ABUSE PROGRAM AS WELL.  AND
I AM NOT CERTAIN IF THEY HAVE THAT THERE.  BUT
WITH ALL THE CHILDREN HE HAS GOT --

THE COURT:  THEY DO.  THE 400 HOUR --

MS. JAMES:  YES, THE RESIDENTIAL.

THE COURT:  I THINK RDAP IS THERE AT

TALLADEGA.  I THINK THEY HAVE GOT EVERYTHING.

MS. JAMES:  JUDGE, WITH ALL THE SMALL CHILDREN HE HAS AND HIS MOM AND HARDSHIPS THAT SHE HAS, IT WOULD BE -- NOBODY WANTS TO SEE HIM INCARCERATED, BUT IT WOULD MAKE IT A LOT BETTER IF HE WERE THAT CLOSE TO HIS FAMILY.

THE COURT:  I WILL ASK.  YOU KNOW, SOMETIMES WHEN SOMEBODY IS FACING 30 YEARS, THEY HAVE TO MOVE THEM AROUND, PARTICULARLY SOMEONE THAT WAS IN THE DRUG DEALING BUSINESS.  HE MAY HAVE INDIVIDUALS THAT HE HAS CONFLICTS WITH THAT MAY ALREADY BE THERE, SO HE MAY NOT BE ABLE TO BE PUT THERE.  BUT I WILL ASK THAT HE BE HOUSED AS CLOSE TO HIS FAMILY IN TALLADEGA.

I WILL ASK THAT THEY CONSIDER ALLOWING HIM TO PARTICIPATE IN THE VOCATIONAL REHAB PROGRAM -- WELL, THERE IS SEVERAL OF THEM -- AND RDAP.  I WILL ASK THAT HE BE ALLOWED TO PARTICIPATE IN THE RDAP PROGRAM.  ANYTHING ELSE?

MS. JAMES:  NO, SIR.

MR. SHUTT:  YOUR HONOR, DID I UNDERSTAND THE COURT EARLIER THAT FORFEITURE OF THE DODGE CHARGER IS PART OF THE SENTENCE?

THE COURT:  YES.  SEND ME A FINAL ORDER ON IT.

MR. SHUTT: WE WILL, YOUR HONOR.

THE COURT:  ANY OBJECTION FROM ANY PARTY AS TO THE FINDINGS OF FACT, THE CALCULATION OF THE SENTENCE, OR THE MANNER IN WHICH THE SENTENCE WAS PRONOUNCE OR IMPOSED?

MR. SHUTT:  NOT FROM THE UNITED STATES.

MS. JAMES:  JUDGE, I WOULD OBJECT TO THE COURT'S RULING ON THE 851 OBJECTION THAT I FILED.  AND ALSO, I DON'T KNOW, THERE WOULD LIKELY BE AN APPEAL.  SO I WOULD ARGUE THAT THE 360 MONTH SENTENCE UNDER THE CIRCUMSTANCES IS NOT A REASONABLE SENTENCE.

THE COURT:  OKAY.  I THINK I HAVE MADE MYSELF CLEAR THAT THAT'S WHAT I WOULD HAVE GIVEN TO HIM EITHER WAY.

MS. JAMES:  I UNDERSTAND.

THE COURT:  YOU HAVE THE RIGHT TO APPEAL THE SENTENCE IF YOU BELIEVE IT IS A VIOLATION OF LAW; HOWEVER, YOU HAVE GOT 14 DAYS TO FILE YOUR NOTICE OF APPEAL.  IF YOU DO NOT HAVE THE ABILITY TO PAY THE COST OF AN APPEAL, YOU MAY APPLY FOR LEAVE TO APPEAL IN FORMA PAUPERIS AND FOR THE APPOINTMENT OF COUNSEL.  IF GRANTED, THE CLERK OF COURT WILL ASSIST YOU IN PREPARING AND FILING YOUR NOTICE OF APPEAL.

HAVE A NICE DAY.

MS. JAMES:  THANK YOU.

(COURT IN RECESS.)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

C E R T I F I C A T E

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

IN RE:    USA V. JUMAR D. SIMS


        I HEREBY CERTIFY THAT THE FOREGOING

TRANSCRIPT IN THE ABOVE-STYLED CAUSE IS TRUE AND

CORRECT.


_____          SEPTEMBER 9, 2020

LINDY M. FULLER, RMR, CRR, CRC

FEDERAL OFFICIAL COURT REPORTER

HUGO L. BLACK U.S. COURTHOUSE

1729 5TH AVENUE NORTH

BIRMINGHAM, ALABAMA  35203