FILED
2021 Nov-19 AM 09:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 19-13963

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JUMAR D. SIMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:18-cr-00353-LSC-JEO-1

_____

Before WILLIAM PRYOR, Chief Judge, JORDAN, and GRANT, Circuit Judges.

PER CURIAM:

Jumar Sims appeals his convictions for two counts of distributing a substance containing a detectable amount of heroin, 21 U.S.C. § 841(a)(1), (b)(1)(C), and for one count of possessing with intent to distribute more than 50 grams of methamphetamine. *id.* § 841(a)(1), (b)(1)(A), (b)(1)(C). Sims challenges the admission of conversations he had with a confidential source as violating his right to confront witnesses under the Sixth Amendment. U.S. Const. amend. VI. We affirm.

Agents of the Alabama Law Enforcement Agency employed Cedric Lipscomb, a confidential source, to make three controlled drug purchases from Sims. The agents initiated telephone calls for Lipscomb to Sims, which were recorded. The agents also provided Lipscomb recording devices that he used during his transactions with Sims. The agents also surveilled and searched Lipscomb before and after the drug transactions.

On January 10, 2018, Lipscomb called Sims, who responded "yes" when asked if he could sell Lipscomb an "onion ring or something" after he dropped off his nephew at school the next morning. The next day, Lipscomb activated a video camera in his vehicle, which recorded him making a telephone call to Sims, driving to meet Sims, and counting cash before Sims arrived. Lipscomb

covered the camera when Sims entered the car, but the speaker on the camera recorded their discussion about testing drugs. Lipscomb uncovered the camera to show him removing the knot on a plastic bag containing a white substance while the sound of money being counted could be heard in the background. After Sims left, the video camera recorded Lipscomb calling an officer to complain about police surveillance during the transaction and turning over the camera and drugs to an officer. Forensic testing confirmed that Sims sold Lipscomb 26.7 grams of heroin.

On February 6, 2018, Lipscomb called Sims and stated that he would get some money and "come that way tomorrow," to which Sims replied, "Alright." Officers recorded two telephone calls that Lipscomb made to Sims to select a site to meet and then the officers affixed a recording device to Lipscomb's clothing. The camera on the device malfunctioned, but the speaker on the camera recorded two telephone calls in which Sims changed the site for their drug transaction, a short, unintelligible conversation between the two men inside Lipscomb's car, and Lipscomb's conversation with officers as he turned over the drugs that he bought from Sims. Testing confirmed that Sims sold Lipscomb 27.9 grams of heroin.

On February 22, 2018, Lipscomb recorded a telephone call in which he stated he was driving to a Home Depot store where he had arranged to meet Sims, and Sims responded, "Alright." After Sims's arrival in the parking lot of the store, officers placed him under arrest and seized about one kilogram of methamphetamine from his vehicle. Lipscomb passed away at a later date.

After indictment, Sims moved to suppress the video and audio recordings on the ground they contained testimonial hearsay, the admission of which would violate his rights under the Confrontation Clause. The government responded that the recordings did not implicate the Clause because Lipscomb's statements were nonhearsay and Sims's statements were nontestimonial. The district court adopted a magistrate judge's recommendation to deny Sims's motion for a "blanket exclusion" of the recordings and gave him leave to "mak[e] specific evidentiary objections at trial concerning individual statements in the recordings."

During trial, the district court granted Sims's request for a limiting instruction on the contents of the recordings. The district court told the jury that it would hear "a couple of different recordings" containing "the voice of . . . a confidential source" and a second voice who "the government[] . . . contend[s] . . . is that of the defendant." The district court instructed the jury that the statements of "the confidential source is . . . not in and of itself being offered for the truth of what the confidential source said" and instead was "offered to set up or explain . . . the answer that other individual is giving on the recording." The district court also instructed the jury that, "[i]f you believe that the other individual is the defendant . . ., then you are free to . . . take [his statements] as being offered for the truth of the matter asserted." Sims acknowledged that the instruction was "acceptable."

Sims argues that the admission of the recordings violated his rights under the Confrontation Clause, which is an issue we review

19-13963                 Opinion of the Court                         5

*de novo. See United States v. Underwood*, 446 F.3d 1340, 1345 (11th Cir. 2006). He also argues that Lipscomb's statements constitute inadmissible hearsay, which is an evidentiary issue we review for abuse of discretion. *Id.* We address these arguments in reverse.

The district court did not abuse its discretion by classifying Lipscomb's statements as non-hearsay. Hearsay is an out-of-court statement made by a declarant that is offered to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801(c). Lipscomb's statements were offered, not for their truth, but to give context to Sims's one-word responses. As the district court explained to the jury, Lipscomb's statements provided "the question . . . to understand the answer" from Sims.

Sims argues that the admission of the recordings violated his right under the Sixth Amendment as an "accused . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. The Confrontation Clause prohibits the introduction of out-of-court *testimonial* statements unless the declarant is unavailable to testify and the defendant had a prior opportunity to cross-examine the declarant. *Crawford v. Washington*, 541 U.S. 36, 68 (2004). "Testimony . . . is typically a solemn declaration or affirmation made for the purpose of establishing or proving some fact." *Id.* at 51 (internal quotation marks omitted). A declarant "bears testimony" when he makes a statement "under circumstances which would lead [him] to believe that the statement would be available for use at a later trial." *Underwood*, 446 F.3d at 1347.

The district court did not err by admitting the recorded conversations between Sims and Lipscomb. Because Lipscomb's statements were offered to make Sims's responses understandable, the statements were admissible as serving a "purpose other than establishing the truth of the matter asserted," *Crawford*, 541 U.S. at 59 n.9. *See United States v. Price*, 792 F.2d 994, 997 (11th Cir. 1986); *United States v. Augustin*, 661 F.3d 1105, 1128 (11th Cir. 2011). And the statements Sims "made unwittingly" to Lipscomb as a government informant, *see Crawford*, 541 U.S. at 58 (referencing *Bourjaily v. United States*, 483 U.S. 171, 181–84 (1987)), were "clearly nontestimonial," *Davis v. Washington*, 547 U.S. 813, 825 (2006). Sims spoke freely without a reasonable belief that "his statement[s] would be available for use at a later trial." *See Underwood*, 446 F.3d at 1347. Admission of the recordings did not violate Sims's rights under the Confrontation Clause.

Sims also challenges the admission of the recordings on two fact-specific grounds, both of which fail. First, Sims argues that the district court "simply accept[ed] the Government's assurances that [the] out-of-court statements [were] being offered merely to show course of investigation, background, or context" for its actions, but the government offered the recordings to assist the jury to understand Sims's one-word responses. The district court also instructed the jury to consider Lipscomb's statements "to set up or explain . . . [Sims's] answer," and we "presume that the jury followed those instructions," *United States v. Roy*, 855 F.3d 1133, 1187 (11th Cir. 2017) (en banc). Second, Sims argues the district court should have

19-13963                 Opinion of the Court                      7

assessed "each individual statement the Government [sought] to introduce," but Sims had notice that he had to "mak[e] specific evidentiary objections at trial concerning individual statements in the recordings." And he failed to do so.

We **AFFIRM** Sims's convictions.